## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                            Case No. 23-31120

Sharon Catherine Sand,

　　　　Debtor.                                                   Chapter 7

## MEMORANDUM DECISION AND ORDER

This matter came before the Court upon the Trustee's motion objecting to Debtor's claimed exemptions for personal goods under Minn. Stat. § 550.37, subd. 4(b) (the "Motion"). [ECF No. 14.] Debtor filed a response (the "Response"). [ECF No. 17.] The Court conducted a hearing and took the matter under advisement. It is now ready for disposition. For reasons stated herein, the Motion is granted in part, and denied in part. In practical terms, the Debtor may exempt her personal computer in this case, but she may not exempt a snowblower.

### JURISDICTION

A contested matter regarding a debtor's exemptions is a core proceeding and this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This decision is based on all information available to the Court and constitutes the Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052, made applicable to this contested matter by Fed. R. Bankr. P. 9014(c).

## BACKGROUND

Debtor was required to choose whether her exemptions would be determined by Minnesota law or the Bankruptcy Code. 11 U.S.C. § 522(b) and (d). She chose Minnesota law. More specifically, Debtor claimed that a personal computer valued at $500 and a snowblower valued at $100[1] were exempt under Minn. Stat. § 550.37, subd. 4(b) (the "Personal Goods Exemption"). [Schedule C, ECF No. 1.]

The Trustee objected, correctly pointing out that prior cases in the District of Minnesota held that the Personal Goods Exemption could not be utilized for a computer or snowblower. [Memo. Obj. to Debtor's Claimed Exemptions, ECF No. 14, at 3-4.] The Trustee did not concede at the hearing, but her counsel did explain that it is common to allow a debtor to "buy back" a computer from the bankruptcy estate for a modest sum. The Trustee further acknowledged that consumer debtors are routinely permitted to retain a personal cell phone, even though the Personal Goods Exemption and existing caselaw do not expressly permit debtors to exempt such devices. The Trustee confirmed this practice applies to smart phones, which are a type of personal computer, albeit a very small one.

The existence of local practices that function like an informal exemption implies a consensus that basic access to a personal computer is reasonable and necessary for debtors in the District of Minnesota. Additionally, existing caselaw

---

[1] Debtor originally claimed an exemption for several personal electronic devices, a snowblower, and miscellaneous household tools under Minn. Stat. § 550.37, subd. 4(b). [Schedule C, ECF No. 1.] Debtor revised her argument at the hearing. She maintains the computer and snowblower are exempt but concedes the other personal goods in her schedules are not exempt.

2

about the Personal Goods Exemption is more than 20 years old. The use of computers in everyday life has radically changed in the interim, confirming the issue is due for reconsideration in Minnesota.

## DISCUSSION

### I.   An Overview of the Personal Goods Exemption in Minnesota.

Minnesota Statute § 550.37, subd. 4(b) permits debtors to exclude the following "personal goods" from a bankruptcy estate:

> [h]ousehold furniture, household appliances, phonographs, radio and television receivers of the debtor and debtor's family, not exceeding $11,250 in value.

The statute does not define "household appliance," but it does provide a rule of construction. Accordingly, this Court may consider:

> (1) the occasion and necessity for the law; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; (5) the former law, if any, including other laws upon the same or similar subject; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history; and (8) legislative and administrative interpretations of the statute.

Minn. Stat. § 645.16.

The Personal Goods Exemption exists because Minnesotans have a constitutional right to exclude certain property from their bankruptcy estates. In re Hecker, 414 B.R. 499, 503 (Bankr. D. Minn. 2009). Article I, Section 12 of the Minnesota Constitution states:

> [A] reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of exemption shall be determined by law.

3

The purpose of exemption statutes is to protect "a debtor's fundamental needs by limiting the assets available for distribution to creditors." Medill v. State, 477 N.W.2d 703, 708 (Minn. 1991). Exemptions permit debtors to obtain relief under the Bankruptcy Code without depriving them of a "reasonable means of support" after their cases are closed; going forward, debtors should be able to maintain "the decencies and proprieties of life." Poznanovic v. Maki, 296 N.W. 415, 417 (1941). Any law which purports to exempt specific property must be "germane or relevant" to this purpose. In re Tveten, 402 N.W.2d 551, 559 (Minn. 1987) (quoting Loew v. Hagerle, 33 N.W.2d 598, 601 (1948)).

The Minnesota Supreme Court has left room for judicial discretion in determining whether a debtor may exempt certain property that is not explicitly described in the Personal Goods Exemption. See Medill, 477 N.W.2d at 706-07. Indeed, in response to a bankruptcy court's decision that the Minnesota law was unconstitutionally vague, the Minnesota Supreme Court stated that "[c]ontrary to the bankruptcy court's assertion, however, it is not clear that the constitution's framers contemplated that only the Legislature would have the power to determine by law the nature and amount of property exemptions." Id. (cleaned up). Where the proper scope of the Personal Goods Exemption is ambiguous, this court accedes to the instruction of the Minnesota Supreme Court to determine how it should apply to bankruptcy cases in Minnesota.

More generally, the objecting party in a bankruptcy case bears the burden of proving that a debtor's exemptions are not properly claimed. Fed. R. Bankr. P.

4003(c). And, exemption statutes are, in general, liberally construed in favor of debtors. In re Hardy, 787 F.3d 1189, 1192 (8th Cir. 2015); In re Seifert, 544 B.R. 670, 672 (Bankr. D. Minn. 2016). Within this well-established decision-making framework, this court determined the Personal Goods Exemption may be claimed for a personal computer, but not for a snowblower.

## II.   The Personal Goods Exemption Applies to a Personal Computer.

The Personal Goods Exemption excludes "household appliances" from the bankruptcy estate. Judge Dreher held the term is ambiguous, saying it "could incorporate a variety of items." In re Irwin, 232 B.R. 151, 153 (Bankr. D. Minn. 1999). This court agrees. In plain language, an "appliance" is "a device or piece of equipment used for a specific task, esp. a machine for domestic use." In re Zieg, 409 B.R. 917, 921 (Bankr. W.D. Mo. 2009) (citing Illustrative Oxford English Dictionary 47 (1980)); see also Webster's New World Dictionary of the American Language 67 (2d. coll. ed 1980)).

In 2023, a computer is clearly a "machine for domestic use." It is utilized in a wide variety of daily tasks that are essential to maintaining an average household, such as banking, managing utilities, paying bills, renewing prescriptions, telehealth appointments, student-teacher conferences, and tax preparation. Many employees work remotely on computers. Students attend primary, secondary, and post-secondary education classes on computers. In sum, computers are a common object in American homes, and they are a part of everyday life for average Americans.

When Judge Dreher considered the issue, she determined a computer was not a "household appliance." In re Irwin, 232 B.R. at 153-54. Her decision was well-reasoned at the time. In 1999, she found that "[a] computer in many ways serves a similar purpose as a television . . . [by] provid[ing] entertainment and sources of information . . . [i]f a computer were included in the definition of appliance, it would render superfluous the language exempting televisions." Id. at 153; see also Minn. Stat. § 550.37, subd. 4(b). Given the novelty of personal computers at the time, a computer was not necessary to further the purpose of the exemption statute, nor was it something that protected debtors from want or need.

But like many issues involving technology, the passage of time has eroded the rationale for the existing rule. The use of personal computers in our district has significantly changed. It is no longer limited to consuming entertainment or news, like a television. In the context of bankruptcy cases, for example, consumer debtors now communicate with their lawyers by email, they attend 341 meetings via Zoom, they attend reaffirmation hearings remotely via smartphones, and they complete credit counseling and financial management courses online.

A computer is no longer a luxury. It is common among all demographic groups.[2] From 1997 to 2018, household computer ownership doubled.[3] Twenty years after

---

[2] The court takes judicial notice of U.S. Census data re ownership and use of personal computers. Fed. R. Bankr. P. 9017 (incorporating Fed. R. Evid. 201).

[3] Compare E. Newburger, Computer Use in the U.S., U.S. Census Bureau (Sept. 1999), https://www.census.gov/content/dam/Census/library/publications/1999/demo/p20-522.pdf, with M. Martin, Computer and Internet Use in the U.S., U.S. Census Bureau (April 2021), https://www.census.gov/content/dam/Census/library/publications/2021/acs/acs-49.pdf.

Irwin, 92% of American households owned at least one type of computer (a desktop, laptop, tablet, or smartphone), 78% owned a desktop or laptop computer, and 85% had broadband internet. Id. A personal computer may not have been a necessary household item in 1999, but they are ubiquitous today. Having considered the purpose of the Personal Goods Exemption, its basis in the Minnesota constitution, and the mischief remedied by it, the court holds that Debtor may utilize the Personal Goods Exemption for a personal computer.

### III.    The Personal Goods Exemption does not Apply to a Snowblower.

Debtor also asserted that a snowblower falls within the definition of a "household appliance" under the Personal Goods Exemption. At first glance, a snowblower may seem analogous to other appliances in a house. But, for the exemption to apply, it must be necessary to the Debtor's "fundamental needs." Medill, 477 N.W.2d at 708. Here, the analogy breaks down. First, not all debtors are required to move snow. Apartment dwellers, for example, may have absolutely no need for a snowblower. Second, there is a reasonable alternative to a snowblower: a shovel. In re Zieg, 409 B.R. at 921. A debtor can forgo a snowblower. She will not be forced to purchase another or hire someone to move snow. Cf. In re Irwin, 232 B.R. at 154 ("If [a] debtor is forced to relinquish [a] lawnmower, she would either have to purchase another one or hire someone to mow her lawn."). A snowblower is not necessary for "the maintenance of the decencies and proprieties of life." Poznanovic, 296 N.W. at 417. For all the foregoing reasons, Debtor may not utilize the Personal Goods Exemption for a snowblower.

**CONCLUSION**

The Motion is granted in part, and denied in part. Minnesota's constitution gives debtors a right to exempt a reasonable amount of property "to protect a debtor and [her] family against absolute want." <u>Poznanovic</u>, 296 N.W. at 417. Accordingly, IT IS ORDERED:

1. Debtor may exempt a computer under Minn. Stat. § 550.37, subd. 4(b).

2. Debtor may not exempt a snowblower under Minn. Stat. § 550.37, subd. 4(b).


*/e/Kesha L. Tanabe*

DATED: *November 9, 2023*      _____

Kesha L. Tanabe
United States Bankruptcy Judge